**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerry BUCHANAN and Frank Anthony
Fiorini, a/k/a Frank Sturgis,
Defendants-Appellants.**

No. 73-3951
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 1974.

Aram P. Goshgarian, Miami Beach, Fla. (Court-appointed), for Buchanan.

Ellis S. Rubin, Miami Beach, Fla. (Court-appointed), for Fiorini.

Robert W. Rust, U. S. Atty., William R. Northcutt, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

In this appeal from their convictions for transportation of stolen motor vehicles in interstate commerce, 18 U.S.C. §§ 2312, 2313, § 2, appellants allege that the evidence against them was insufficient and that their Sixth Amendment rights to confrontation of witnesses against them were denied. We find these contentions to be without merit and affirm the convictions.

Appellants allege they were training members of the International Anti-Communist Brigade for an invasion of Cuba. The government's theory was that this was just a guise to hide a conspiracy to transport stolen motor vehicles into Mexico. Taking the view most favorable to the government, a reasonably minded jury could accept the relevant evidence as sufficient to support appellants' guilt beyond a reasonable doubt. United States v. Warner, 5 Cir., 1971, 441 F.2d 821.

Appellants' other contentions deal with the cross-examination of the

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc., v. Citizens Casualty Co. of N. Y. et al., 5th Cir. 1970, 431 F.2d 409, Part I.

final witness at trial, Agent Gibbons of the FBI. Gibbons' direct testimony dealt exclusively with another defendant, Gonzales, except for a reference to appellant Sturgis as the leader of the brigade. On cross-examination, appellant's counsel sought to elicite testimony about a statement given to Gibbons by Sturgis. This question was ruled beyond the scope of direct examination.

The fact that Sturgis was the leader of the brigade had already been established by other witnesses. Appellant's contentions that he was denied the right to confrontation are without merit. He could have called the agent as his own witness, or taken the stand himself on this point. Any prejudice that might have resulted was harmless. *See* United States v. Resnick, 5 Cir., 1974, 488 F.2d 1165 at 1168 quoting from Kotteakos v. United States, 1946, 328 U.S. 750, 66 S. Ct. 1239, 10 L.Ed. 1557.

Affirmed.